Robert L. Cowling, OSB No. 650257
Internet E-mail address: rlc@roguelaw.com
Eric B. Mitton, OSB No. 065925
Internet E-mail address: ebm@roguelaw.com
Hornecker, Cowling, Hassen & Heysell, LLP
717 Murphy Rd.
Medford, OR 97504
Telephone: 541-779-8900
Fax: 541-779-2982
Attorney(s) for: Defendant Boston Scientific Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

JOHN GILLMAN and BEN DEVRIES,

Plaintiffs,

v.

BOSTON SCIENTIFIC CORPORATION, a
Massachusetts Corporation, and DOE 1,

Defendants.

Case No. 11-3067-CL

NOTICE OF REMOVAL

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Boston Scientific Corporation (hereinafter "Defendant"), pursuant to

28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of this action from the Jackson

County Circuit Court, Oregon, to the United States District Court for the District of Oregon. The

grounds for removal are as follows:

/ / /

/ / /

Page - 1 NOTICE OF REMOVAL
H:\USER\FILES\29988-001\Notice of Removal.doc

HORNECKER, COWLING,
HASSEN & HEYSELL, LLP
717 Murphy Road
Medford, OR 97504
541-779-8900

## INTRODUCTION

1. On April 1, 2011, Plaintiffs initiated this products liability action against Defendant.

2. On May 18, 2011, Defendant was served with Summons and Complaint in this matter.

3. Plaintiff Gillman alleges serious personal injuries as the result of the implantation of a spinal cord stimulator device. *See generally* Complaint (attached as Exhibit 1). Plaintiff Devries alleges loss of consortium arising out of the alleged injuries.

4. Plaintiffs allege that Defendant designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold Plaintiff Gillman an advanced bionics spinal cord stimulator and battery. *See* Complaint, ¶ 7.

5. The Court has original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removal under 28 U.S.C. § 1441(b), in that, Defendant is not a citizen of Oregon, it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits served upon or otherwise provided to Defendant are attached as Exhibit 2.

7. A copy of the docket sheet from the Jackson County Circuit Court is attached as Exhibit 3.

## DIVERSITY OF CITIZENSHIP EXISTS

8. Plaintiffs were at the time of the filing of the Complaint citizens of the State of Oregon. *See* Complaint at ¶ 2. Diversity of citizenship is determined as of the time the

HORNECKER, COWLING, HASSEN & HEYSELL, LLP
717 Murphy Road
Medford, OR 97504
541-779-8900

complaint is filed. *Dole Food Co. v. Patrickson*, 538 US 468, 478 (2003).

9.      Defendant is now and was at the time of the filing of the Complaint a Delaware corporation with the principal place of business in Massachusetts. Thus, for diversity purposes, Defendant is a citizen of both Delaware and Massachusetts. 28 U.S.C. § 1332(c).

10.     Doe 1 is sued under a fictitious name and thus is not considered for diversity purposes. 28 U.S.C. § 1441(a). As a practical matter, the Complaint gives no useful information about who Doe 1 might be or what his/her/its citizenship might be. *See* Complaint at ¶ 1 ("The true names, capacities, or involvement, whether individual, corporate, governmental, or associate of the defendant named herein as DOE, is unknown to plaintiffs, who therefore sues said defendant by such fictitious name.").

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11.     Plaintiffs' prayer for relief seeks damages totaling $2,750,000. Allegations in a state court complaint of damages in excess of the threshold establish the amount in controversy for removal purposes. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 289 (1938). Defendant does not concede that assertions of damages within the prayer for relief and within the caption (as opposed to within the body of the Complaint) are sufficient to meet federal pleading requirements. Nevertheless, those assertions establish the amount in controversy for removal purposes.

## REMOVAL IS OTHERWISE PROPER

12.     Plaintiffs commenced this action on April 1, 2011. Plaintiffs served Defendant on or about May 18, 2011. Thus, this removal is timely pursuant to 28 U.S.C. § 1446(b).

13.     Venue exists in the District of Oregon because the Klamath County Circuit Court is within this District.

Page - 3 NOTICE OF REMOVAL
H:\USER\FILES\29988-001\Notice of Removal.doc

14. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' counsel, and a copy will be promptly filed with the Clerk of the Klamath County Circuit Court, pursuant to 28 U.S.C. § 1446(d). A copy of the unsigned Notice to Adverse Party of Removal is attached hereto as Exhibit 4, and a copy of the unsigned Notice that Action Has Been Removed (which will be filed with the Klamath County Circuit Court) is attached hereto as Exhibit 5. These Notices will be signed promptly after this Notice of Removal is filed.

**WHEREFORE,** Defendant, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Klamath County Circuit Court, Oregon to this Court.

Dated this 15 day of June, 2011.

ROBERT L. COWLING, OSB No. 650257
Of Attorneys for Defendant Boston Scientific Corporation
Trial Attorney
Fax 541-779-2982
rlc@roguelaw.com

**HORNECKER, COWLING, HASSEN & HEYSELL, LLP**
717 Murphy Road
Medford, OR 97504
541-779-8900